# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| **VENADIUM LLC,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**BANDWIDTH.COM, INC.,**<br><br>        **Defendant.** | **No. 1:17-cv-**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Venadium LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1. Plaintiff Venadium LLC is a Texas limited liability company with a principal office at 3000 Custer Road, Suite 270-219, Plano, Texas 75075.

2. Defendant Bandwidth.com, Inc. is a Delaware corporation with a regular and established place of business at 900 Main Campus Drive, Raleigh, North Carolina 27606. Defendant may be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly solicits business, engages in other persistent courses of

conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

7. On December 11, 2001, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,330,549 (the "549 Patent"), entitled "Protected Shareware." A true and correct copy of the 549 patent is attached at Exhibit A.

8. Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 549 Patent.

## THE ACCUSED PRODUCT

9. Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 549 Patent.

10. Defendant's Accused Product is its website: https://www.bandwidth.com/.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,330,549

11. Plaintiff incorporates by reference each of its foregoing allegations.

12. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 549 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and using (including testing) its Accused Product with the sales and offering for sale of its products and services as shown in Exhibit B.

13. The claims of the 549 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

14. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the 549 Patent upon a plain reading of this Complaint, the 549 Patent, and Exhibit B.

15.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; it does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

16.     Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 549 Patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.      Judgment that Defendant has infringed the 549 patent under 35 U.S.C. § 271(a);

B.      An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D.      Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.      Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(a).

Dated: August 22, 2017　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　By:  /s/ Timothy Devlin
　　　　　　　　　　　　　　　　　　　Timothy Devlin
　　　　　　　　　　　　　　　　　　　Delaware Bar No. 4241
　　　　　　　　　　　　　　　　　　　DEVLIN LAW FIRM LLC
　　　　　　　　　　　　　　　　　　　1306 N. Broom Street, 1st Floor
　　　　　　　　　　　　　　　　　　　Wilmington, DE 19806
　　　　　　　　　　　　　　　　　　　Phone: (302) 449-9010
　　　　　　　　　　　　　　　　　　　tdevlin@devlinlawfirm.com

　　　　　　　　　　　　　　　　　　　OF COUNSEL:
　　　　　　　　　　　　　　　　　　　Peter J. Corcoran, III
　　　　　　　　　　　　　　　　　　　CORCORAN IP LAW, PLLC
　　　　　　　　　　　　　　　　　　　2019 Richmond Road, Suite 380
　　　　　　　　　　　　　　　　　　　Texarkana, Texas 75503
　　　　　　　　　　　　　　　　　　　Tel: (903) 701-2481
　　　　　　　　　　　　　　　　　　　Fax: (844) 362-3291
　　　　　　　　　　　　　　　　　　　peter@corcoranip.com


　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Venadium LLC*